IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Robert Mestrich, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C/A No. 8:12-2766-TMC |
| v. ) | |
| ) | **OPINION & ORDER** |
| Clemson University, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Robert Mestrich ("Mestrich") brought this disability discrimination action against Defendant Clemson University ("Clemson") alleging violations of his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et. seq., and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 791, et. seq. This matter is before the Court on Clemson's Motion to Dismiss. (Dkt. # 8). Mestrich has filed a response opposing the motion (Dkt. # 12) and Clemson has filed a reply (Dkt. # 13). For the reasons set forth below, Clemson's motion is granted.

**Background/Procedural History**

In 2006, Mestrich was a student at Clemson in the doctoral program in the Department of Management. (Compl. ¶ 1). He alleges he was diagnosed with severe sleep apnea and notified Clemson professor Dr. Steve Davis of his condition on September 22, 2006. (Compl. ¶ 5). Later in 2006, after Dr. Davis retired, Mestrich informed a Dr. Janis Miller, his doctoral advisor, of his medical condition and requested assistance and a reasonable accommodation to enable him to complete his course requirements. (Compl. ¶ 6; Answer ¶ 6). In November 2008, Mestrich underwent surgery, but it was unsuccessful. (Compl. ¶ 6). Mestrich continued to attempt to meet

the doctoral program requirements and in 2010, he met with Clemson's Disability Services for test accommodations. *Id.* Mestrich alleges he was never given a proper reasonable accommodation to complete his course requirements. (Compl. ¶ 7). Mestrich alleges that as a result, he missed "time from performing academia causing [him] ultimately to be dismissed from the program." (Compl. ¶ 8). Mestrich was dismissed from the program on August 26, 2010. (Compl. ¶ 1). Mestrich filed this action in state court on August 20, 2012, alleging a cause of action under the ADA and the Rehabilitation Act. (Compl.).[1]

## Standard of Review

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir.1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b) (6) motion to

---

[1]Title II of the ADA prohibits discrimination against a "qualified individual with a disability" by a public entity with respect to the provision of services, programs, or activities by state and local governments. 42 U.S.C.A. § 12132. Section 504 of the Rehabilitation Act provides "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794

dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.' " *Iqbal*, 129 S.Ct. at 1949 (*quoting Twombly*, 550 U.S. at 557).

## Discussion

In its motion to dismiss, Clemson alleges Mestrich's action is barred by the statute of limitations. The parties appear to agree that Mestrich's claims accrued on August 26, 2010, when he was dismissed from the doctoral program and this action was commenced on August 20, 2012.  The issue before the court is whether Mestrich's claim is governed by a one- or two-year statute of limitations.

Clemson argues that the one-year statute of limitations set forth in the South Carolina Human Affairs Law ("SCHAL"), S.C. Code Ann. § 1–13–10, et. seq., applies to Mestrich's claims of disability discrimination. Mestrich disagrees and contends that the most analogous South Carolina state statute is the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. § 15-78-20.   And the SCTCA provides for a two year statute of limitations.  S.C.  Code Ann. § 15-78-110.

Mestrich argues that he is asserting a negligence/gross negligence cause of action against Clemson.  He contends that Clemson owed him a duty to reasonably investigate his disability and to offer him a reasonable accommodation and it breached this duty causing him injury and damages.  (Pl.'s Mem. at 5). Mestrich contends that Clemson strongly relies upon employment case law to support its argument of a one-year statute of limitations.  Mestrich argues because he was not an employee of Clemson, the less stringent two-year statute of limitations for SCTCA claims should

3

apply. (Pl.'s Mem. at 6).

There is no federal statute of limitations set forth in the ADA or the Rehabilitation Act. Because the ADA and the Rehabilitation Act do not provide their own statute of limitations, the court must turn to state law in determining an appropriate statute of limitations. *Wolsky v. Med. College of Hampton Roads*, 1 F.3d 222, 223 (4th Cir. 1993). The court is to borrow a limitations period from the most analogous state law and apply that limitations period to the claims. *Id*.

Some other circuits have characterized discrimination claims under Section 504 as claims for personal injury and have borrowed the personal injury statute of limitations. However, the Fourth Circuit has not followed these circuits. In *Wolsky*, the Fourth Circuit stressed that the Supreme Court held that courts should "look to the most appropriate statute in each individual state" and in determining which limitations period to borrow, it is "uniformity within the state," not within a federal circuit, that is "critical." *Wolsky*, 1 F.3d at 223. In *Wolsky*, the court held that held that the statute of limitations prescribed by Virginia's statute that specifically addressed discrimination against disabled persons applied to the Rehabilitation Act claims and not the limitations period prescribed for personal injury claims. *Id.* at 224-25.

Recently, in *Cockrell v. Lexington County School District One*, C.A. No. 3:11–CV–2042–CMC, 2011 WL 5554811 (D.S.C. Nov.15, 2011), United States District Judge Cameron Currie addressed the applicable statutes of limitations for claims filed pursuant to the ADA and Rehabilitation Act and applied the one-year statute of limitations found in the SCHAL. Judge Currie noted:

> The Fourth Circuit has held that claims brought under Section 504 of the Rehabilitation Act are governed by the limitations periods set forth in state laws prohibiting discrimination on the basis of disability. *Wolsky v. Med.*

4

> *Coll. of Hampton Roads*, 1 F.3d 222, 225 (4th Cir.1993) (finding that one year statute of limitations provided by the Virginia Human Affairs Law was most analogous statute for claim brought under the Rehabilitation Act). In employment discrimination cases, the Fourth Circuit has found SCHAL most analogous. *Moore v. Greenwood Sch. District No. 52*, 195 Fed. Appx. 140, 2006 WL 2385268 (4th Cir. Aug.18, 2006) (applying one-year limitations period found in SCHAL to a Title IX claim for employment discrimination because SCHAL was most analogous). In a case involving disability access to a South Carolina Department of Motor Vehicles ("DMV") office, this court found that the one-year limitations from the SCHAL applied to plaintiffs' Rehabilitation Act claim. *Childers v. County of York South Carolina*, No. 0:06–897, 2008 WL 552879 (D.S.C. Feb.26, 2008). *See also Vandeusen v. Adams*, No. 3:06–1092, 2007 WL 2891502 (D.S.C. July 31, 2007) (applying one-year statute of limitations to Rehabilitation Act claim based on lack of disability access at DMV office).

*Cockrell*, 2011 WL 5554811, *11. *See also Finch v. McCormick Correctional Inst.*, 2012 WL 2871665 (D.S.C. 2012).  The court finds the analysis in these cases to be persuasive and adopts it.  Accordingly, the court holds that Mestrich's claims are governed by a one-year statute of limitations and are barred.

Mestrich requests, in the alternative, permission to amend his pleadings, "if the Court deems further facts or allegations to bring clarity to this lawsuit." (Pl.'s Mem. at 8).  Notwithstanding, the absence of a proper motion, the court will address Plaintiff's request because ordinarily a dismissal under Rule 12(b)(6) "is not final or on the merits." *Ostrzenski v. Seigel*, 177 F.3d 245, 252 (4th Cir.1999).  Although the preference for deciding cases on the merits generally weighs in favor of allowing a plaintiff to amend his complaint, "[a]mendment should be refused only if it appears to a certainty that plaintiff cannot state a claim." *Id*. at 253. Where amendment would be futile or prejudicial to the defendants, however, courts have discretion to deny amendment and dismiss a plaintiff's claim. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Here, justice does not require the court to grant Plaintiff leave to amend.  The court does not believe that any additional facts or allegations would cure the statute of limitations bar in this

5

case. As such, the court finds that it would be futile to allow Plaintiff to amend his complaint.

## CONCLUSION

For the foregoing reasons, Defendant Clemson's Motion to Dismiss (Dkt. # 8) is **GRANTED** and this action is dismissed.

    **IT IS SO ORDERED.**

    s/Timothy M. Cain
    United States District Judge

Anderson, South Carolina
March 6, 2013